Deaderick, J.,
delivered the opinion of the court:
Complainant filed his bill 27th of July, 1868, in the chancery court at Jackson, for himself and other creditors, alleging that he was a credtor of Wm. Parker, deceased, who died intestate, in Madison county, in 1862 or 1863, leaving defendants his heirs at law and distributees; *343 that intestate left at his death personal estate, exclusive of his slaves, of the value of ten thousand dollars; that defendants had taken charge of and divided his estate without any administration granted them.
The bill alleges that more than six months have elapsed from the death of intestate, and that no one had applied, or could be procured to, administer on his estate, and praying that the chancellor would appoint an administrator, and for a decree for the payment of the debts due from the estate, and for general relief.
The bill was filed under sec. 2209, and succeeding sections of the Code [Shannon’s Code, sec. 3943 et seq.], conferring power on the chancery court to appoint an administrator.
The defendants answered the bill, and admitted that they had divided the personal estate of intestate amongst themselves, all being of full age, except one, and that there was no necessity of an administrator, as intestate owned no debts at the time of his death, except his physician’s, bill, for medical attendance during his last sickness, and this bill, together with his burial expenses, was paid after intestate’s death. Defendants deny that intestate owed complainant any thing, or ever did owe him anything.
At March term, 1870, the chancellor appointed Thompson Parker, administrator, requiring him to enter into a bond of $1,000, with security by the next May rules of the. court.
Thompson Parker failed to qualify, or enter into bond, as required by the order of the chancellor.
No further steps seem to have been taken in the cause until November 16, 1871, at which complainant obtained leave to file, and then did file an amended bill, in which he alleges that defendant H. M. Parker had been duly and legally appointed administrator of the estate of William P. Parker, deceased, by the county court of Madison county, and had given bond and qualified as such adminis *344 trator, and charging that more than two years bad elapsed since said administrator Lad qualified, and that be had made no settlement, nor.had be returned any inventory or account of sales of the property of said estate; To' this bill said administrator was made a party.
Ti. M. Parker, the administrator answered, denies that intestate was indebted to complainant or any one else, and relies upon and pleads the statute of limitations of two years and six months in favor of administrators as a full and complete defense to complainant’s said claim.
The chancellor dismissed the' bill, and complainant has. appealed to this court.
A transcript of the record of the county court of Madison county is filed, and shows the appointment and’ qualification of said II. M. Parker as administrator of William P. Parker, on the 3d of May, 1869, more than two years and six months before the -filing of complainant’s amended bill.
It is apparent from the record that no administrator was appointed and qualified by the chancellor under the prayer of the original bill, and that no relief can be granted upon the prayer of that bill. And it is equally apparent that the statute of limitations presents an insuperable obstacle.
It is urged in argument that it was a fraud in II. M. Parker secretly to obtain letters of administration from the county court, pending the application for the appointment of an administrator in the chancery court.
No allegation of fraud or secrecy in the application for such letters is mad.e in the bill. It is not therein alleged even that complainant had no knowledge óf such application, but it is alleged that such letters were dulyand legally granted. It was certainly competent to that court to grant the administration, and there is nothing in the record to indicate that the application was unknown to complainants, nor would it be any reason to impeach the regularity and *345 validity of the appointment, if, in point of fact, complainant had no notice of it.
From the filing of his bill in July, 1868, to November, 1871, he had failed to have any one appointed under his bill, and he must be held to have abandoned the purpose of his original bill as to the appointment of an administrator.
We think the decree of the chancellor dismissing the original and amended bill was correct, and it is affirmed.